UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 4:21CR00011 MTS |
| | ) | 4:21CR00012 MTS |
| | ) | |
| SAMUEL STODDARD, | ) | |
| | ) | |
| Defendant. | ) | |

### GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant, SAMUEL STODDARD, represented by defense counsel, Brocca Morrison, Esq., and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts 4, 6, 7, 9, and 10 of Criminal Case Number 4:21CR000011 MTS and Counts 8 through 10 in Criminal Case Number 4:21CR000012 MTS, the United States agrees that it will move for the dismissal of Counts 1, 2, 3, 5, and 8 of Criminal Case Number 4:21CR000011 MTS and Counts 1 through 7 in Criminal Case Number 4:21CR000012

MTS as to the defendant at the time of sentencing. The government further agrees that no further federal prosecution will be brought in this District relative to the defendant's participation in schemes to fraudulently use the identifying information of others and to fraudulently produce and use counterfeit identification documents and motor vehicle titles between November 1, 2018 and September 9, 2021, of which the Government is aware at this time. In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a) as long as notice of any such request be given in writing no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

3.  **ELEMENTS:**

Criminal Case Number 4:21CR00011 MTS

As to Count 4, the defendant admits to knowingly violating Title 18, United States Code, Section 1028A, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

*One*, that the defendant knowingly transferred, possessed, or used, without lawful authority, a means of identification of another person;

*Two*, that the defendant knew that the means of identification the defendant transferred, possessed, or used belonged to another person;

*Three,* that the defendant transferred, possessed, or used the means of identification without

2

*Three*, that, at the time he moved the vehicle, and, caused the vehicle to be moved, across a state line, the defendant knew it was stolen.

As to Count 9, the defendant admits to knowingly violating Title 18, United States Code, Section 1028(a)(7), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

*One*, that the defendant knowingly transferred or possessed, without lawful authority, a means of identification of another person;

*Two*, that the defendant knew that the means of identification the defendant transferred or used belonged to another person;

*Three*, that the defendant transferred or possessed the means of identification without lawful authority;

*Four*, that the defendant knew that he transferred or possessed the means of identification without lawful authority; and

*Five*, that the defendant transferred or possessed the means of identification with the intent to commit, and in connection to the crimes of forgery and stealing.

As to Count 10, the defendant admits to knowingly violating Title 18, United States Code, Section 2313, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

*One*, that the 2021 Volvo XC90 with Vehicle Identification Number YV4A22PK9M1686036 was stolen;

*Two*, that, after it was stolen, the 2021 Volvo XC90 was moved across a state line;

4

*Three*, that, after the 2021 Volvo XC90 had been stolen and moved across a state line, the defendant possessed or concealed it; and

*Four*, that, at the time the defendant received or concealed the 2021 Volvo XC90, he knew it had been stolen.

Criminal Case Number 4:21CR00012 MTS

As to Count 8, the defendant admits to knowingly violating Title 18, United States Code, Section 1028(a)(3), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

*One*, that the defendant possessed five or more identification or false identification documents;

*Two*, that the defendant knowingly possessed the identification documents or false identification documents with the intent to use or transfer them unlawfully; and

*Three*, that the defendant possessed the identification documents or false identification documents in interstate commerce.

As to Count 9, the defendant admits to knowingly violating Title 18, United States Code, Section 1028(a)(5), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

*One*, that the defendant knowingly produced, transferred, possessed a document-making implement;

*Two*, that the defendant intended that the document-making implement be used to produce a false identification document; and

*Three*, that the document-making implement is designed or suited for making a false identification document that is or appears to be issued by or under the authority of a State.

As to Count 10, the defendant admits to knowingly violating Title 18, United States Code, Section 2315, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

*One*, that the defendant received or possessed a security;

*Two*, that the security had been counterfeited;

*Three*, that the defendant knew the security had been counterfeited; and

*Four,* that, at the time the security was possessed, it constituted interstate commerce.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Defendant agrees and admits that he had been involved fraudulent schemes with Bryson Whiteside, "Whiteside," as well as with co-defendants Anthony Fant, "Fant," Kelly Miller, "Miller," and Skylar Dancy, "Dancy."

On February 27, 2020, law enforcement authorities executed a search warrant upon Defendant's St. Louis residence. The following items were among those recovered from the residence: a Toshiba laptop computer; an HP laptop computer; a notary seal; illegal narcotics; a device used to create vehicle identification number tags; cellphones; two counterfeit State of Missouri temporary driver's licenses in the name of J.M.; a counterfeit University of Texas student

identification document in the name of J.M.; two counterfeit State of Missouri temporary non-driver's licenses in the name of J.M.; a stolen birth certificate in the name of T.S.; a stolen social security card in the name of T.S.; auto insurance and health insurance cards in the name of A.S.; a counterfeit Missouri temporary license in the name of J.E. bearing the image of Defendant; a counterfeit State of Illinois motor vehicle title for a 2019 Chevrolet Malibu in the name of J.M.; and a letter demanding the return of a rented 2019 Chevrolet Malibu from J.M. A forensic examination of the computer equipment seized on February 27, 2020 revealed additional images of stolen and counterfeit birth certificates, social security cards, Missouri temporary driver's licenses, and an Immigration and Naturalization Service Refugee Travel Document. Defendant agrees and admits that he possessed the stolen and counterfeit identification documents in order to defraud individuals and businesses.

Defendant further agrees and admits that he used the Toshiba laptop computer, the HP laptop computer and the notary seal that were seized by law enforcement to create counterfeit state issued identification documents and motor vehicle titles. In particular, Defendant agrees and admits that, he created a counterfeit State of Missouri driver's license for Fant in the name of J.M. that Fant used to fraudulently rent a 2019 Chevrolet Malibu. After Fant transferred possession of the vehicle to Defendant, Defendant counterfeited the State of Illinois motor vehicle title for the vehicle that was seized by law enforcement authorities from Defendant's home on February 27, 2020. Defendant agrees and admits that he produced and possessed the counterfeit vehicle title in order to prevent its recovery by the rental company. Defendant also agrees that his production and possession of the counterfeit motor vehicle title affected and constituted interstate commerce.

Although Defendant acknowledged his involvement with the possession and production of

7

counterfeit documents and securities on February 27, 2020, while the Government was furthering its criminal investigation, Defendant continued engaging in similar activities with Dancy. In particular, on October 6, 2020, Defendant agrees and admits that he and Dancy attempted to purchase a German Shepard puppy from a retailer in St. Charles, Missouri. After the initial attempt, on October 9, 2020, Dancy successfully used a counterfeit temporary Missouri driver's license in the name of R.G. so Dancy could purchase the puppy for an amount exceeding $5,600. R.G. reported the fraudulent use of his identity to the Webster Groves Police Department. Through the subsequent investigation, on November 19, 2020, Webster Groves detectives located a stolen 2021 Volvo XC90 and a stolen 2019 Volvo S60 at Defendant's residence.

Defendant further agrees and admits that on October 20, 2020, he and Dancy used a counterfeit State of Missouri temporary driver's license bearing the name of J.S., and the image of Dancy, as well as J.S.'s name, date of birth, and social security number in leasing the 2021 Volvo XC90, valued in excess of $56,000, from an Overland Park, Kansas Volvo dealership. Defendant also agrees and admits that he drove Dancy to Overland Park so Dancy could finalize the fraudulent transaction. Defendant agrees and admits that he and Dancy returned to Defendant's St. Louis residence the same date with Dancy driving the 2021 Volvo.

On November 11, 2020, Defendant and Dancy fraudulently obtained the 2019 Volvo S60 from a Volvo dealership in St. Louis County Missouri. In meeting with representatives from the dealership, Dancy represented himself to be Z.P. and Defendant claimed to be J.S., the owner of the 2021 Volvo XC90. Using Z.P.'s name and social security number as well as a counterfeit motor vehicle insurance identification card and counterfeit paystubs, Dancy fraudulently purchased the vehicle for an amount exceeding $41,000. After completing the purchase, employees of the

dealership photographed Defendant and Dancy posing with the 2019 Volvo as a two Volvo car family. Defendant drove the 2021 Volvo and claimed to be J.S., the same name in which that Volvo had been fraudulently purchased.

Defendant also agrees and admits that, in violation of the laws of the State of Missouri, he forged the name T.D. on November 2, 2020 in order to steal a 2020 Acura RDX, valued in excess of $46,000, from St. Louis City Tow. Defendant agrees and admits that the vehicle had been fraudulently purchased from a St. Louis area Acura dealership using the identity of J.S. that Defendant used during the November 11, 2020 fraudulent 2019 Volvo transaction. After the vehicle had been impounded by St. Louis City Tow, Defendant further admits that he presented a counterfeit State of Missouri motor vehicle title that fraudulently asserted his purchase of the vehicle on December 21, 2019. Defendant also agrees and admits that, on November 2, 2020, he forged the signature of T.D. when using a fraudulently obtained credit card to pay the towing and impound fees to the towing company. Believing Defendant's representations to be true, the towing company released the vehicle to the defendant rather than its true owner, the Acura dealership.

After being arrested by federal authorities pursuant to warrants issued in Criminal Case Numbers 4:21CR11 MTS and 4:21CR12 MTS, Defendant was detained at the Jennings Adult Detention Center. While detained, he assisted a prohibited individual, B.W., in using the stolen identity of D.R. in order to communicate with Defendant. Defendant agrees and admits that, during telephone calls between January 9, 2021 and January 10, 2021, he requested that B.W. assist him in concealing the proceeds of his fraudulent conduct and other contraband from law enforcement authorities. Defendant agrees and admits that, during telephone calls between January 9, 2021 and January 10, 2021, he requested that B.W. assist him in concealing the proceeds of his fraudulent conduct and other

contraband from law enforcement authorities. Defendant agrees and admits that he knew the names or social security numbers of Z.P., J.S., R.G., T.D., and D.R. belonged to real individuals when he used, or assisted Dancy and B.W. in using, them to violate the laws of the United States and the laws of the State of Missouri.

Defendant further agrees and admits that more than ten individuals and businesses were victimized by Defendant's criminal activities and that Defendant caused, and attempted to cause, losses in excess of $150,000, but less than $250,000 in the Eastern District of Missouri. Defendant also agrees that at the time he traveled to Kansas to assist Dancy in fraudulently obtaining the 2021 Volvo he was subject to a judicial order that mandated that he remain in Saint Louis, Missouri. Defendant also agrees and admits that he fled the State of Missouri when he absconded from federal pretrial supervision. While a fugitive, Defendant agrees and admits that he continued to engage in the fraudulent activities in the States of Kentucky, Tennessee, and Georgia. Defendant further agrees and admits that he fled at a high rate of speed from Tennessee authorities when they attempted to arrest him resulting in a car crash in the State of Georgia.

## 5. STATUTORY PENALTIES:

Criminal Case Number 4:21CR00011 MTS

The defendant fully understands that the maximum possible penalty provided by law for the crime of aggravated identity theft to which the defendant is pleading guilty in Count 4 is *a mandatory term of imprisonment of 2 years which must be served consecutively with any other term of incarceration imposed for the conviction of access device fraud*, a fine of not more than $250,000.00, or both. The Court may also impose no more than a 1-year period of supervised release.

In addition, the defendant fully understands that the maximum possible penalty provided by law for the crime of access device fraud to which the defendant is pleading guilty in Count 6 is imprisonment of not more than 10 years, a fine of not more than $250,000.00, or both. The Court may also impose a 3-year period of supervised release.

The defendant fully understands that the maximum possible penalty provided by law for the crime of interstate transportation of a stolen vehicle to which the defendant is pleading guilty in Count 7 is imprisonment of not more than 10 years, a fine of not more than $250,000.00, or both. The Court may also impose a period of supervised release of not more than 3 years.

Defendant also fully understands that the maximum possible penalty provided by law for the crime of identity theft to which the defendant is pleading guilty in Count 9 is imprisonment of not more than 5 years, a fine of not more than $250,000.00, or both. The Court may also impose a 3-year period of supervised release.

Defendant also understands that the maximum possible penalty provided by law for the crime of possession of a stolen vehicle to which the defendant is pleading guilty in Count 10 [handwritten, crossing out "9"] is imprisonment of not more than 10 years, a fine of not more than $250,000.00, or both. The Court may also impose a period of supervised release of not more than 3 years.

Criminal Case Number 4:21CR00012 MTS

The defendant fully understands that the maximum possible penalty provided by law for the crime of possession of five or more identification or false identification documents to which the defendant is pleading guilty in Count 8 is imprisonment of not more than 5 years, a fine of not more than $250,000.00, or both. The Court may also impose a period of supervised release of not more than 3 years.

11

The defendant also fully understands that the maximum possible penalty provided by law for the crime of possession of possession of a document-making implement to which the defendant is pleading guilty in Count 9 is imprisonment of not more than 15 years, a fine of not more than $250,000.00, or both. The Court may also impose a period of supervised release of not more than 3 years.

Finally, the defendant fully understands that the maximum possible penalty provided by law for the crime of possession of a falsely made security to which the defendant is pleading guilty in Count 10 is imprisonment of not more than 10 years, a fine of not more than $250,000.00, or both. The Court may also impose a period of supervised release of not more than 3 years.

### 6. U.S. SENTENCING GUIDELINES 2021 MANUAL:

The defendant understands that Counts 6, 7, 9, and 10 of Criminal Case Number 4:CR21CR00011 MTS and Counts 8, 9, and 10 of Criminal Case Number 4:21CR00012 MTS are affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense. ***However, pursuant to § 2B1.6 Application Note 1(a), the offense of aggravated identity theft charged in Count 4 bears a mandatory term of imprisonment of 2 years that must be run consecutively to any sentence imposed for Counts 6, 7, 9, and 10 of Criminal Case Number 4:CR21CR00011 MTS and Counts 8, 9, and 10 of Criminal Case Number 4:21CR00012 MTS.***

The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

### a. Chapter 2 Offense Conduct:

**(1) Base Offense Level:** The parties agree that the base offense level is *6* as found in Section 2B1.1(a)(1).

(2) **Chapter 2 Specific Offense Characteristics**: The parties submit that the following specific offense characteristics apply: *10 levels* should be added pursuant to Section 2B1.1(b)(1)(F) because the loss resulting from the offense was more than $150,000.00 but less than $250,000; *2 levels* should be added pursuant to Section 2B1.1(b)(2)(A)(i) because the offense involved 10 or more victims; *2 levels* should be added pursuant to Section 2B1.1(b)(9)(C) because the offense involved a violation of a prior, specific judicial order not addressed elsewhere in the guidelines; *2 levels* should be added pursuant to Section 2B1.1(b)(10)(A) because the defendant relocated a fraudulent scheme to another jurisdiction to evade law enforcement officials; and *2 levels* should be added pursuant to Section 2B1.1(b)(11)(A)(i) and (B)(i) because the offense involved the possession of document-making implements and the production of an unauthorized or counterfeit access device.

**b.   Chapter 3 Adjustments:**

(1) **Other Adjustments**: The parties submit that *2 levels* should be added pursuant to Section 3C1.2 because the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer.

The Government also submits that *4 levels* should be added pursuant to Section 3B1.1(a) because the defendant was an organizer or leader of a criminal activity that involved five or more participants. The Defendant disagrees with the application of the enhancement as a matter of law.

(2) **Acceptance of Responsibility**: Because the objection to Defendant's role in the offense is based upon a legal objection, the parties recommend that *3 levels* should be deducted pursuant to Section 3E1.1(a) and (b) because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of his intent to plead guilty. The parties agree

13

that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

      **c.** **Estimated Total Offense Level:** The Government estimates that the Total Offense Level is 27, and the Defendant estimates that the Total Offense Level is 23.

      **d.** **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

      **e.** **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.** **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

      **a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

14

(1) **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to motions, discovery, and the guilty plea.

(2) **Sentencing Issues:** The parties disagree as to the application of Section 3B1.1(a), and will litigate that issue at sentencing. The parties agree to abide by the district court's determination of that issue, and specifically waive their rights to appeal the district court's ruling resulting in the calculation of the Total Offense Level. In the event the Court accepts the plea, and after determining the appropriate Total Offense Level, sentences the defendant within or below the corresponding range, then, as a part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, and after determining the appropriate Total Offense Level, sentences the defendant within or above the corresponding range.

b. **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

c. **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the

Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

### 8. OTHER:

**a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. As a special condition of supervised release, defendant agrees not to initiate any contact, direct or indirect, with victims of the offense or identified government witnesses. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

**d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 for each felony count for a total of $800, which the defendant agrees to pay at the time of sentencing. Money paid by the

defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e.  Possibility of Detention:**   The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f.  Fines, Restitution and Costs of Incarceration and Supervision:**   The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision.   The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.   The precise amount of restitution is unknown at the present time.   Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c).   Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss.   The defendant agrees to provide full restitution to all victims of all charges in the indictment.

**g.  Forfeiture:**   The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice.  By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agencies.

17

The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant also agrees to the entry of a forfeiture money judgment against the defendant and in favor of the Government. The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

**9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**
In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant

further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

**10.   VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

**11.   CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12.   NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the

government agrees to dismiss or not to bring.

6/14/22
Date

*[signature]*
TRACY L. BERRY 014753 TN
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

6/13/22
Date

*[signature]*
SAMUEL STODDARD
Defendant

6/14/22
Date

*[signature]*
BROCCA MORRISON
Attorney for Defendant

21